UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| RICKY FRANKS, | Civil Action No. 12-1681 (RMB) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION & ORDER** |
| GLOUCESTER COUNTY PROSECUTORS OFFICE et al., | |
| Defendants. | |

Plaintiff submitted a civil Complaint pursuant to 42 U.S.C. § 1983, without a filing fee, and it appearing that:

1. The Clerk will not file a civil rights complaint unless the person seeking relief pays the entire applicable filing fee in advance or the person applies for and is granted in forma pauperis, status pursuant to 28 U.S.C. § 1915. See Local Civil R. 5.1(f).

2. The filing fee for a civil rights complaint is $350.00. See 28 U.S.C. § 1914(a).

3. If a prisoner seeks permission to file a civil rights complaint in forma pauperis, the Prison Litigation Reform Act ("PLRA") requires the prisoner to file an affidavit of poverty and a *certified* prison account statement for the six-month period immediately preceding the filing of the complaint. See 28 U.S.C. § 1915(a)(2).

4. The PLRA further provides that, if the prisoner is granted permission to file the complaint in forma pauperis, then the Court is required to assess the $350.00 filing fee against the prisoner and collect the fee by directing the agency having custody of the prisoner to deduct installment payments from the prisoner's prison account equal to 20% of the preceding month's

income credited to the account for each month that the balance of the account exceeds $10.00. See 28 U.S.C. § 1915(b).

5. In addition, if the prisoner is granted permission to proceed in forma pauperis, then the PLRA requires this Court to screen the complaint for dismissal and to dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an defendant who is immune from such relief.

6. The PLRA further provides that, if a prisoner has, on three or more occasions while incarcerated, brought an action or appeal in a federal court that was dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from immune defendants, then the prisoner may not bring another action in forma pauperis unless he or she is in imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

7. The above-named Plaintiff is a prisoner; it is unclear from his Complaint, however, whether he is a convicted prisoner or a pre-trial detainee. See Docket Entries Nos. 1 and 2. Plaintiff failed to pay his filing fee or submit his certified six-month prison account statement.[1]

---

[1] Moreover, in the "Account Certification Signed by Prison Official" section of his affidavit of poverty, Plaintiff – instead of providing the authorised prison official's signature – wrote "they decline signature." See Docket Entry No. 1-3, at 3. While this Court cannot rule out the possibility that Plaintiff might have found himself in circumstances where he was unable to obtain signature of an authorized prison official certifying his account, Plaintiff must specify the names and titles of authorized prison officials whom he approached with requests to certify his accounts, the dates of these requests, and the reasons these authorized prison officials gave to Plaintiff in connection with their decisions to decline his requests. Being presented with Plaintiff's written statement to that effect, this Court would be in the position to determine whether the Court should excuse Plaintiff's failure to obtain an authorized prison official's signature or whether the Court should conduct an additional inquiry into this matter. As of now, Plaintiff's affidavit of poverty – unaccompanied by Plaintiff's detailed written statement and containing no signature of an authorized prison official – fails to comply with the statutory

8. Plaintiff's Complaint asserts that, on December 3, 2010, Plaintiff was wrongfully arrested on the charges of participating in a bank robbery of Susquehanna Bank; the complaint alleges that Plaintiff's vehicle was chased by police officers from New Jersey to Pennsylvania, and that a Philadelphia detective executed a false report[2] on the basis of which Plaintiff was wrongfully indicted with this bank robbery offense in New Jersey and later acquitted of these New Jersey charges.[3]  See Docket Entry No. 1.  Correspondingly, Plaintiff challenges the actions of the bank employees, his New Jersey prosecutor who filed the indictment and the Philadelphia detective whose report, allegedly, served as the sole basis for this New Jersey indictment.[4]  See id.  Plaintiff seeks $20 million in damages from the bank and its employees, plus $10 million in compensatory and $20 million in punitive damages from the New Jersey Office of Prosecutor, Gloucester County Division.  See id. at 7.  No statement in the Complaint indicates that Plaintiff is in danger of imminent physical injury warranting grant of conditional in forma pauperis status.

---

requirement.

[2]  Although it appears that Plaintiff named this Philadelphia detective as a defendant in this matter, it appears Plaintiff is not seeking any damages from – or other remedies against – that detective.  See, generally, Docket Entry No. 1.

[3]  For reasons not entirely clear to this Court, Plaintiff included in his submission a copy of a court form related to Plaintiff's criminal prosecution in the Commonwealth of Pennsylvania, see Docket Entry No. 1-1, which appears to have no connection with his alleged indictment and/or alleged acquittal in New Jersey.  Moreover, the very fact of Plaintiff's current incarceration in New Jersey appears inconsistent with his claim that all criminal charges against him were dismissed, unless Plaintiff is now being detained on the basis of other criminal charges.

[4]  Plaintiff's latest submission, Docket Entry No. 2, adds to the uncertainties created by Plaintiff's complaint, since it appears that – in this latest submission – Plaintiff is maintaining that, recently, he has been "given a new identity" and, for the reasons not immediately apparent from Plaintiff's submissions, is now prosecuted while being represented by a certain defense counsel, whom Plaintiff describes as "a dump truck lawyer Mr. Richard O'Brien."  Id. at 1-2.

IT IS THEREFORE on this **18th** day of **April 2011**,

**ORDERED** that Plaintiff's application to proceed in forma pauperis is DENIED WITHOUT PREJUDICE; and it is further

**ORDERED** that the Clerk shall administratively terminate this action, without filing the Complaint or assessing a filing fee, by making a new and separate entry on the docket reading "CIVIL CASE TERMINATED"; and it is further

**ORDERED** that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that if this § 1983 case is reopened pursuant to the terms of this Order, it is not thereby subject to the statute of limitations bar, provided the original Complaint was timely. See Houston v. Lack, 487 U.S. 266 (1988); McDowell v. Delaware State Police, 88 F.3d 188, 191 (3d Cir. 1996); Williams-Guice v. Board of Education, 45 F.3d 161, 163 (7th Cir. 1995); and it is further

**ORDERED** that Plaintiff may have the above-captioned case reopened if, within 30 days of the date of the entry of this Order, Plaintiff either pre-pays the $350.00 filing fee or files with the Clerk his affidavit of poverty containing signature of a duly authorised prison official (or Plaintiff's written statement detailing his efforts with regard to obtaining that signature and the reasons he was given by the approached prison officials as to their decisions to decline of his requests for such signature) and, *in addition*, his certified prison account statement for the six-month period immediately preceding the filing of the Complaint, as required by 28 U.S.C. § 1915(a); and it is further

**ORDERED** that, in the event Plaintiff timely prepays his $350.00 filing fee or submits his affidavit of poverty and his certified prison account statement, then the Court will enter an order directing the Clerk to reopen the case; and it is further

**ORDERED** that, in the event Plaintiff timely prepays his $350.00 filing fee or submits his affidavit of poverty and his certified prison account statement, Plaintiff shall also include in his submission Plaintiff's amended complaint. Such amended complaint shall state, *clearly and concisely*: (a) *all* alleged underlying events; (b) *all* prosecutions that ensued from the alleged events (be these prosecutions undertaken in the State of New Jersey or in the Commonwealth of Pennsylvania); (c) the outcomes of these prosecutions (including full *or partial* dismissal of charges); (d) the names/titles of all individuals (or entities) Plaintiff wishes to name as defendants in this matter (as well as clear designations of whether these entities or individuals reside/operate in the State of New Jersey or in the Commonwealth of Pennsylvania, or any other state of the United States); and (e) how exactly these entities/ individuals participated in the alleged wrongs; and it is finally

**ORDERED** that the Clerk shall serve this Order upon Plaintiff by regular U.S. mail, together with: (a) a blank in forma pauperis application for incarcerated individuals seeking to file a civil complaint; and (b) a blank civil complaint form.

s/Renée Marie Bumb<br>
**RENÉE MARIE BUMB,**<br>
**United States District Judge**