UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

RICKY FRANKS,

        Plaintiff,

  v.

GLOUCESTER COUNTY PROSECUTOR'S
OFFICE, *et al.*,

        Defendants.

Civ. No. 12-1681 (RMB)

**MEMORANDUM AND ORDER**

This matter comes before the Court upon Plaintiff's letter requests (ECF Nos. 4, 5, 6) to reopen this matter. On March 14, 2012, while Plaintiff was a pretrial detainee in Gloucester County Jail, he submitted a civil complaint under 42 U.S.C. § 1983, also alleging state tort law claims. (Compl., ECF No. 1.) Plaintiff alleged that on December 3, 2010, he was wrongfully arrested on the charges of participating in a bank robbery of Susquehanna Bank; that Plaintiff's vehicle was chased by police officers from New Jersey to Pennsylvania, that Detective John Komorowski executed a false report on the basis of which Plaintiff was wrongfully indicted by Prosecutor Mary Piffer of the Gloucester County Prosecutor's Office with this bank robbery offense in New Jersey, and later acquitted of the New Jersey charges. (Id.) Plaintiff also asserted claims against unnamed employees of Susquehanna bank. (Id.)

On April 19, 2012, this Court issued a Memorandum, Opinion and Order, administratively terminating this action without filing the complaint because Plaintiff failed to pay the filing fee or submit an application to proceed *in forma pauperis* under 28 U.S.C. § 1915. (Mem. Op., and Order, ECF No. 3.) This Court stated that "administrative termination is not a "dismissal" for purposes of the statute of limitations, and that if this § 1983 case is reopened pursuant to the terms of this Order, it is not thereby subject to the statute of limitations bar, provided the original Complaint was timely." (Id.) (citations omitted). The terms of the Order required Plaintiff to reopen the matter within 30 days. (Mem. Op. and Order, ECF No. 3.)

More than five-and-a-half years later, on November 9, 2017, and again on March 1, 2018, Plaintiff submitted letters, without any explanation, seeking to reopen this case. (Letter, ECF No. 4.) On March 9, 2018, Plaintiff submitted a letter, referring to his initial filing of the complaint, and stating that he was within the statute of limitations.

A plaintiff cannot use an administrative termination as an excuse to indefinitely extend the statute of limitations on claims that he never properly brought in a timely manner. McDowell v. Delaware State Police, ("we do not suggest that a plaintiff can delay prosecution of an action indefinitely by withholding the filing fee and refusing to submit a request to proceed *in forma*

2

*pauperis*.") Due to the extreme lateness of Plaintiff's response to this Court's April 19, 2012 Order instructing Plaintiff that he could reopen this case within 30 days, the Court now declines the request to reopen.[1] See Hairston v. Gronolosky, 348 F. App'x 716, 718 (3d Cir. 2009) (affirming district court's order that case remain closed where the plaintiff flouted the district court's instructions); Bricker v. Turner, 395 F. App'x 804, 804 n. 1 (per curiam) (3d Cir. 2010) (affirming district court's order dismissing civil rights action without prejudice as a sanction for failure to obey a court order or for failure to diligently prosecute).

For the reasons set forth in the accompanying Opinion,

**IT IS** therefore on this **13th** day of **March 2018;**

---

[1] Based on the same facts alleged in the instant complaint, Plaintiff prosecuted § 1983 false arrest and state law defamation claims against officers of the Philadelphia Police Department and Detective John Komorowski. See Franks v. Philadelphia Police Department, Civ. Action No. 12-1213, 2013 WL 4042600 (E.D. Pa. Aug. 9, 2013). The district court granted the defendants' motion for partial summary judgment, leaving only Plaintiff's claim of false arrest against Officer Schlosser and the defamation claim against Detective Komorowski. (Id.) After a bench trial, in which Plaintiff represented himself, the district court granted judgment in Plaintiff's favor on the false arrest claim and awarded $7,500, and found in favor of Detective Komorowski on the defamation claim. (Id.) Plaintiff cannot relitigate those claims here. See Malles v. Governor of Pennsylvania, 502 F. App'x 111, 112 (3d Cir. 2012) (per curiam) ("claim preclusion, bars a plaintiff who has received a final judgment on the merits in one action from litigating another suit against the same parties based on the same cause of action.")

3

**ORDERED** that the Clerk shall reopen this matter; and it is further

**ORDERED** that Plaintiff's letter requests (ECF Nos. 4, 5, 6) to reopen this matter are DENIED; and it is further

**ORDERED** that the Clerk shall close this matter; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Memorandum and Order upon Plaintiff by regular U.S. mail.

<span style="margin-left: 50%">s/Renée Marie Bumb<br>**RENÉE MARIE BUMB**<br>**United States District Judge**</span>